**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.:

MIGUEL RAMOS,

     Plaintiff,

vs.

COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC,
a Foreign Limited Liability Company,

     Defendant.

_____/

## <u>COMPLAINT</u>

COMES NOW, MIGUEL RAMOS, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendant COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC., a foreign limited liability company (hereinafter, "Defendant"), and states:

## <u>JURISDICTION AND VENUE</u>

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant pursuant to the provisions of Title VII of the Civil Rights Act of 1964, (42 U.S.C. § 2000e-5(f)), the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq*.,  the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, and the Family and Medical Leave Act of 1993, ("FMLA") 29 U.S.C. §§ 2601, *et seq.* and to redress injuries resulting from Defendant's unlawful discharge of Plaintiff.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 2617, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida.

## **PARTIES**

4. Plaintiff was at all times relevant to this action, a resident of Miami-Dade County Florida, over the age of eighteen years and otherwise *sui juris*.

5. Plaintiff was an employee covered by the FMLA in that he was employed for at least 12 months and at least 1,250 hours prior to his request for leave. Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

6. Plaintiff is a member of a class protected under the Civil Rights Act, FCRA, ADA, and ADAAA in that he is a person with a disability as defined by those Acts.

7. At all times relevant hereto, Defendant was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii), Title VII, the ADA, the ADAA and the FCRA (42 U.S.C. § 2000e(b); Fla. Stat. § 760.02(7)). in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year.

8. Plaintiff was an employee covered by Title VII, the ADA, the ADAAA and the FCRA in that he was subjected to dismissal from employment based on his race, color and/or disability or perceived disability and in retaliation for his request for an accommodation.

9. Plaintiff alleges causes of action for violations of the Title VII, FCRA, ADA, and the ADAAA as a result of the Defendant's dismissal of Plaintiff from employment.

10. Plaintiff has exhausted his administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

11. Plaintiff's Charge was filed on or about June 22, 2020. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

12. Plaintiff was terminated from his position on or about February 15, 2020. His Charge was therefore timely filed.

13. Plaintiff was issued a Notice of Right to Sue. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

14. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

15. More than 180 days have passed since the filing of that complaint without the issuance of a final decision.

16. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

17. Plaintiff began working for Defendant as a technician in March 2012. Plaintiff received promotion as a technical operations supervisor in 2016, a position he held until his termination in February 2020.

18. Plaintiff received regular reviews during his employment with Defendant. Plaintiff's reviews from 2012-2018 all identified Plaintiff as having consistently met or exceeded the company's expectations.

19. Based on Plaintiff's tenure with the company, positive performance throughout his employment, promotion, and positive work history, Plaintiff was fully qualified for his position as supervisor technician at the time all discriminatory events complained of herein occurred.

20. In 2019, John Martinez became Plaintiff's supervisor.

21. From the outset, Martinez treated Plaintiff differently from his white counterparts in virtually all respects of the work environment. Plaintiff was systematically excluded from trainings, isolated at meetings, and micromanaged.

22. As a result of the pressure, discriminatory treatment and stress at work, Plaintiff began to develop anxiety.

23. Anxiety is a disability under the ADA, the ADAAA, and the FCRA in that it substantially impairs Plaintiff's ability to, at minimum, concentrate, evaluate, and communicate/interact with others. The ability to concentrate, evaluate, and communicate/interact with others are considered "major life activities" as defined by the ADA and ADAAA.

24. In November 2019, Plaintiff was placed on a performance improvement plan (PIP) by Martinez. The terms of the PIP required Plaintiff to meet with Martinez on a regular basis.

25. Plaintiff would regularly meet with Martinez as required. During the meetings, Plaintiff was not provided any negative feedback regarding the expectations, Plaintiff's performance or areas of improvement. Martinez simply stated that Plaintiff was doing fine.

26. In the beginning of 2020, the director, Sean Embry (White, Caucasian) (hereinafter "Embry") requested a meeting with Plaintiff and Martinez to discuss Plaintiff's performance evaluation. Upon information and belief, it was uncommon for the director, Embry, to be involved in performance evaluations.

27. During the meeting, Embry was aggressive and demeaning towards Plaintiff. He threatened Plaintiff's job and screamed at Plaintiff for his alleged lack of performance and lack of improvement.

28. As a result of the meeting, Plaintiff's condition worsened. Plaintiff began to develop physical symptoms as a result of the stress and anxiety.

29. In January 2020, Plaintiff requested leave under the Family Medical Leave Act in order to seek treatment for his own serious medical condition.

30. Plaintiff's request for leave was approved through March 8, 2020.

31.  In mid-February 2020, during Plaintiff's FMLA leave, Plaintiff received a call from Martinez and two other supervisors who asked to meet him at his house because they stated he needed to return his laptop and the company truck.

32. That same afternoon, Plaintiff arrived home and Martinez, and Rudy (LNU) were waiting for the Plaintiff at his home. Plaintiff was required to hand over his keys and laptop as requested.

33. The next day, Plaintiff received a phone a call from Martinez and the Human Resources Representative and was advised he was being terminated.

34. Upon information and belief, Defendant's reason for termination (if any) is pretextual for unlawful discrimination and/or retaliation.

35. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

36. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF THE CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON RACE)

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 of this Complaint as if set out in full herein.

38. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff.

39. Plaintiff is a member of a protected class, to wit, Hispanic.

40. Defendant, by and through its supervisors, did not treat Plaintiff the same as other non-Hispanic employees as alleged above.

41. Martinez and Embry acted on behalf of Defendant and acted within the scope of their duties.

42. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

43. The Plaintiff was subjected to disparate treatment in the workplace, in that similarly situated, non-Hispanic employees were allowed better work opportunities by not being subjected to unfair treatment.

44. The Plaintiff was qualified for the position apart from his apparent race.

45. The Plaintiff was discriminated against by Defendant because he was Hispanic.

46. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

47. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

48. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of his race in violation of Act with respect to its decision to treat Plaintiff different from other employees.

49. Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he was Hispanic, in violation of the Act.

50. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, was a motivating factor in the decision for the adverse employment action(s).

51. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

52. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

53. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized,

condoned, and/or ratified the unlawful conduct of Martinez, Embry, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II
### VIOLATION OF THE CIVIL RIGHTS ACT
### (DISCRIMINATION BASED ON COLOR)

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 of this Complaint as if set out in full herein.

55. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against

Plaintiff because Plaintiff was discriminated against and ultimately terminated on the basis of his color.

56. Plaintiff is a member of a protected class because the terms and conditions of his employment were altered due to his skin color.

57. Defendant, by and through its supervisors and other employees, did not treat Plaintiff the same as non-dark-skinned employees in that employees with a lighter complexion had better opportunities with regard to their evaluations and were not subjected to unfair discipline or unfair treatment.

58. Defendant's employees acted with intentional disregard for Plaintiff's rights under Title VII as a person based on the color of his skin.

59. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

60. The Plaintiff was discriminated against by Defendant's agents because he was dark-skinned.

61. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

62. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of

the provisions of the Act were willful.

63. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of the color of his skin a violation of Act with respect to its decision to treat Plaintiff different from other employees.

64. Defendant's owner and managers acted with intentional disregard for Plaintiff's rights as a person of mixed race under Title VII.

65. Defendant, by and through the supervisors, did not treat Plaintiff the same as other non-mixed employees in that other employees were not micromanaged, and were given feedback and assistance.

66. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's skin color, was a motivating factor in the decision for the adverse employment action(s).

67. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

68. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

69. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Martinez, Embry, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

B. The Court award punitive damages as permitted under the law;

C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## <u>COUNT III</u>
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON RACE)

70. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 of this Complaint as if set out in full herein.

71. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of his race.

72. Plaintiff is a member of a protected class, to wit, Hispanic.

73. Defendant, by and through its supervisors, by the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to animosity based on his race.

74. Defendant's supervisors acted with intentional disregard for Plaintiff's rights as a person of Hispanic race under the FCRA.

75. Defendant did not provide Plaintiff with a reason for the disparate treatment including but not limited to the PIP  he was subjected to. However, even if Defendant had a reason, Plaintiff's race was, at minimum, a motivating factor in its decision to terminate him.

76. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

77. Specifically, Martinez and Embry at all material times, acted on behalf of Defendant and acted within the scope of their duties.

78. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

79. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

80. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Martinez, Embry, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff respectfully requests that:

A.  The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B.  The Court award punitive damages as permitted under the law;

C.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D.  The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## <u>COUNT IV</u>
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON COLOR)

81. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 of this Complaint as if set out in full herein.

82. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of the color of his skin.

83. Plaintiff is a member of a protected class because the terms and conditions of his employment were altered due to his skin color.

13

84. Defendant's managers and representatives acted with intentional disregard for Plaintiff's rights under the FCRA as a person based on the color of his skin.

85. Defendant's reason for the disparate treatment he was subjected to, if any was pretextual.

86. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

87. Specifically, Martinez and Embry, at all material times, acted on behalf of Defendant and acted within the scope of their duties.

88. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

89. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

90. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under the FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Martinez, Embry, and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE,** Plaintiff respectfully requests that:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be

determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B.  The Court award punitive damages as permitted under the law;

C.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D.  The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E.  The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V
## FAILURE TO ACCOMMODATE IN VIOLATION
## OF THE ADA AND ADAAA

91. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 of this Complaint as if set out in full herein.

92. Plaintiff is disabled as he suffers from anxiety which is an impairment which substantially limits one or more major life activities; to wit: concentrating, evaluating, and communicating/interacting with others.

93. Plaintiff is, and at all times was, qualified to perform the essential functions of his job as a technical operations supervisor with or without a proposed reasonable accommodation in that he never received a negative review or appraisal and was recommended and praised by his supervisor prior to his diagnosis at the end of 2019.

94. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans With Disabilities Act, as amended ("ADAAA") § 101(8) (42 U.S.C. § 12111(8)).

95. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADAAA, § 101(9). At the time of his diagnosis, Plaintiff was micromanaged and put under a PIP in November 2019 which caused Plaintiff to be diagnosed with anxiety.

96. Thereafter, Plaintiff was provided no negative feedback until the meeting in early 2020. At this meeting Embry screamed and belittled Plaintiff and threatened Plaintiff's job which exacerbated his condition. As such, Plaintiff requested leave through March 8, 2020.

97. This request was reasonable and would not have caused Defendant undue hardship. However, Plaintiff was terminated while on leave.

98. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

99. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U.S.C. § 12117(a)), Plaintiff is entitled to damages because of Defendant's willful conduct.

WHEREFORE, Plaintiff  requests judgment against Defendant as follows:

      A.  Actual damages as a result of Defendant's discriminatory actions;

      B.  Punitive damages due to Defendant's willful behavior;

      C.  Compensatory damages;

      D.  Injunctive relief where feasible;

      E.  Attorney's fees;

      F.  Costs of this action; and

      G.  Any other relief this Court deems proper.

<u>**COUNT VI**</u>
**HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA**

100.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 of this Complaint as if set out in full herein.

101.    Section 760.10 of the FCRA states in relevant part:

(1) it is unlawful employment practice for an employer:
(a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

102.    The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

103.    Specifically, Plaintiff alleges that Defendant wrongfully denied his reasonable request for an accommodation to his disability when he was terminated during his leave.

104.    The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited him in one or more major life activities, and/or Plaintiff's record of having such disability.

105.    Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

106.    Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

107.    As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic

loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

108.    Based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE**, Plaintiff respectfully requests that:

    A. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    F. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

### COUNT VII
### VIOLATION OF THE FMLA
### (INTERFERENCE)

109.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 of this

Complaint as if set out in full herein.

110.   Plaintiff was eligible for FMLA leave for treatment of his anxiety pursuant to 29 U.S.C. §

2612(a)(1)(D).

111.   He requested leave pursuant to the statute on or about January 2020 for a period of about

two months.

112.   Under the FMLA, 29 USC § 2614(a), Plaintiff had the right to be restored to his former

position or its equivalent.

113.   When the Defendant terminated Plaintiff, Defendant interfered with Plaintiff's right to his

position (or its equivalent) and thus violated the FMLA.

114.   As a direct result, Plaintiff has suffered, and will continue to suffer, a loss of wages and

benefits.

115.   The Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to

liquidated damages in an amount equal to his loss of wages/benefits pursuant to the FMLA, 29

U.S.C. § 2617(a).

116.   The Defendant by and through its officers, and/or supervisors, authorized, condoned,

and/or ratified the unlawful conduct of its employees.

117.   Plaintiff has retained the services of the undersigned counsel and is obligated to pay

attorney's fees should he recover damages from the Defendant.

118.    Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests that:

A.   Adjudge and decree that the Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.   Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of the Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

C.   Interest on the amount found due;

D.   Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

E.   Plaintiff's costs of suit herein together with reasonable attorney's fees incurred in this action; and

F.   Such other relief as the Court deems just and proper.

## COUNT VIII
## VIOLATION OF THE FMLA
## (RETALIATION)

119.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 of this Complaint as if set out in full herein.

120.    This is an action under the Family Medical Leave Act of 1993 [29 U.S.C. §§ 2601 et seq.] for retaliation in violation of 29 U.S.C. § 2615(a)(1).

121.    Plaintiff was an employee covered by the FMLA in that he was employed for at least 12 months and at least 1,250 hours prior to his request for treatment of his anxiety on or around January 2020.  Plaintiff is therefore an "employee" under 29 U.S.C. § 2611(2).

122.    At all times relevant hereto, Defendant was a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(iii) in that it employed over 50 employees in 20 or more workweeks in the current or preceding calendar year.

123.    Plaintiff gave sufficient notice to his employer of his need for leave under the FMLA. Specifically, he notified Martinez with the details of his medical condition, anxiety and submitted all the paperwork requested.

124.    Such leave was subsequently approved by Defendant in January of 2020.

125.    The fact that Plaintiff requested leave was a "protected activity" under the FMLA.

126.    Plaintiff's leave request was, at minimum, a motivating factor in the Defendant's decision to terminate Plaintiff's employment.

127.    The Defendant's purported reason(s) for terminating Plaintiff are pretextual.

128.    The Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of other employees. Therefore, the actions of the Defendant's employees should be imputed to the Defendant.

129.    Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should he recover damages from the Defendant.

**WHEREFORE,** Plaintiff respectfully requests that:

A.   Adjudge and decree that the Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.   Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of the Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

C.   Interest on the amount found due;

D.   Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

E.  Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

F.  Such other relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, MIGUEL RAMOS demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: April 14, 2021

> **PEREGONZA THE ATTORNEYS, PLLC**
> 1414 NW 107th Ave,
> Suite 302
> Doral, FL 33172
> Tel. (786) 650-0202
> Fax. (786) 650-0200
>
> By: /s/Nathaly Saavedra
> Nathaly Saavedra, Esq.
> Fla. Bar No. 118315
> Email: nathaly@peregonza.com